UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PHILIP H. WENTZEL,

                              Petitioner,

          -against-

W.S. PLILER, Warden F.C.I. Otisville,

                              Respondent.

-------------------------------------------------------------X

**ORDER**

22 Civ. 2325 (KMK)(JCM)

        Petitioner Philip Wentzel ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction of one count of production of child pornography under 18 U.S.C. § 2251(a), to which he pled guilty in 2012. (*See* Docket No. 1).[1]  Petitioner argues, in part, that the Seventh Circuit's construction of the child pornography statutes in *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021) and *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020) make the conviction he challenges invalid. (*See, e.g.*, Docket No. 10 at 8–12.  Presently before the Court is Respondent's motion to stay the case pending the decision of the United States Supreme Court in *Jones v. Hendrix*, 142 S. Ct. 2706 (2022). (Docket No. 15).  Petitioner opposes this motion for a stay, contending that, *inter alia*, he will be harmed by not reaping the benefits he expects from a decision granting relief from the charge he contests and in remaining convicted of a crime for an act that he maintains the law does not criminalize. (*See* Docket No. 22 at 1–2).  For the following reasons, the Court grants Respondent's motion for a stay.

---

[1] Petitioner filed an Amended Petition on August 11, 2022, which includes his claim under 28 U.S.C. § 2241 that relies on Seventh Circuit case law. (Docket No. 18).

On May 16, 2022, the Supreme Court granted a petition for a writ of certiorari in *Jones*.

The question presented is:

> whether federal inmates who did not--because established circuit
> precedent stood firmly against them--challenge their convictions on the
> ground that the statute of conviction did not criminalize their activity
> may apply for habeas relief under § 2241 after [the Supreme Court]
> later makes clear in a retroactively applicable decision that the circuit
> precedent was wrong and that they are legally innocent of the crime of
> conviction.

Petition for Writ of Certiorari, *Jones v. Hendrix*, 142 S. Ct. 2706 (2022) (No. 21-857), 2021 WL

5864561.  Although the question presented does not bear directly on Petitioner's case—as it

concerns changes in Supreme Court rather than circuit precedent—it addresses the scope of relief

under 18 U.S.C. § 2241 and, thus, is likely to be relevant to this Court's analysis.  Specifically, a

decision on this question may clarify "or at least offer some guidance" to the district courts about

the proper operation of and the appropriate scope of relief under § 2241. *See*, *e.g.*, *Holt v.

Streeval*, No. 7:22-cv-00459 (EKD), 2022 WL 3587833, at *1–*2 (W.D. Va. Aug. 22, 2022)

(granting a stay in a habeas case under § 2241 pending decision in *Jones v. Hendrix*)[2]; *see also*

*Corbin v. Streeval*, No. 7:22-cv-00135 (MFU), 2022 WL 3579897, at *1–*2 (W.D. Va. Aug. 19,

2022) (same).  Moreover, the Supreme Court's interpretation of the habeas statutes in *Jones*

could also render Petitioner's claim moot. (*See* Docket No. 15 at 1–2).

"A district court's 'power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants.'" *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y.

---

[2] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may
request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se
litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were
not previously cited by any party.").

2020) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)).

When determining whether to grant a stay, courts consider five factors:

> (1) [T]he private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*In re George Washington Bridge Bus Station Dev. Venture LLC*, 1:21-cv-8069 (GHW), 2022 WL 3363582, at *1 (S.D.N.Y. July 9, 2022) (quoting *Loftus*, 464 F. Supp. 3d at 526) (alteration in original).  "[A] court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).  In fact, as one court has observed, "it is common practice . . . to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court." *Carter v. United States*, No. 1:06-CV-225 (GM)(JJN), 2007 WL 2439500, at *3 (D. Vt. Aug. 23, 2007).

Petitioner is currently incarcerated on a 40-year sentence with a projected release date in 2046, and the charge he challenges accounts for only 15 years of that sentence. (*See* Docket No. 9 at 3; *see also Philip Wentzel*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 20, 2022) (referring to Petitioner's projected release date on the Federal Bureau of Prisons website)).  Under this framework, even discounting the contested 15 years of prison time, Petitioner would still be incarcerated during the pendency of *Jones*.[3]  Therefore, any prejudice to Petitioner would be outweighed by the public and judicial need for efficient litigation. *See, e.g.*, *Readick v. Avis Budget Grp., Inc.*, No. 12 Civ. 3988 (PGG), 2014 WL

---

[3] Oral arguments are scheduled for *Jones* on November 1, 2022. *Argument Calendar: Supreme Court of the United States October Term 2022: For the Session Beginning October 31, 2022*, U.S. Supreme Court, (Oct. 14, 2022), https://www.supremecourt.gov/oral_arguments/calendars/MonthlyArgumentCalNovember2022.html (last visited Oct. 20, 2022).

1683799, at *6 (S.D.N.Y. Apr. 28, 2014) (noting judicial economy considerations are frequently viewed as relevant to the public interest).  Indeed, the Court expects to gain greater clarity on the law in this area from the *Jones* decision, which will aid in its legal analysis and disposition of this matter.  Furthermore, if the decision in *Jones* moots Plaintiff's claims, it would eliminate the need for further litigation by the Respondent. (Docket No. 15 at 1–2).

Accordingly, the Court grants Respondent's motion to stay the proceedings pending the Supreme Court's decision in *Jones*. (Docket No. 15).  Further, the Court also orders that, within 60 days of the Supreme Court's issuance of its decision in *Jones*, Respondent shall file its response to the Amended Petition filed on August 11, 2022, and include in its response the impact of the *Jones* decision on Petitioner's case.  Finally, Petitioner may file a reply to Respondent's response no later than 60 days after it is filed.

The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

Dated:   October 20, 2022
         White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge