UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP H. WENTZEL,

                           Petitioner,

     v.

W.S. PLILER, WARDEN, F.C.I. OTISVILLE,

                           Respondent.

No. 22-CV-2325 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

Appearances:

Philip H. Wentzel
Pekin, IL
*Pro Se Petitioner*

Benjamin D. Klein, Esq.
United States Attorney's Office
New York, NY
*Counsel for Respondent*

KENNETH M. KARAS, District Judge:

      Philip H. Wentzel ("Petitioner"), proceeding pro se, has filed a Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2241, challenging his conviction of one count of production of child pornography under 18 U.S.C. § 2251(a). (*See generally* Dkt. Nos. 1, 2, 10.) Before the Court are Petitioner's objections to Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"). (*See* Pet'r's Written Obj's to R&R ("Pet. Obj.") (Dkt. No. 34).) After a review of the R&R and Petitioner's Objections. the Court adopts the result recommended in the R&R and denies the Petition.

I. <u>Background</u>

The factual and procedural background of this case are set forth in Judge McCarthy's thorough R&R and the Court assumes the Parties' familiarity therewith. (*See* Report & Recommendation ("R&R") 2–4 (Dkt. No. 33).) The Court here summarizes the facts relevant to addressing Petitioner's Objections to the R&R.

On September 20, 2012, Petitioner pled guilty to six counts of production of child pornography. (*See* R&R 2.) On December 21, 2012, Petitioner pled guilty to a single count of production of child pornography pursuant to a second "information."[1] (*See* R&R 2.) On October 17, 2014, Petitioner filed a habeas petition in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 2255 challenging his conviction. (*See* Motion, Wentzel v. United States of America, No. 14-CV-1305 (E.D. Wis. Oct. 17, 2014), Dkt. No. 1.) The petition was denied. (*See* Judgment, Wentzel v. United States of America, No. 14-CV-1305 (E.D. Wis. Oct. 30, 2014), Dkt. No. 6.)

In this case, Petitioner challenges his conviction "on the grounds that the Seventh Circuit's interpretation of 18 U.S.C. § 2251(a) changed in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), and *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021), making his guilty plea invalid." (*See* R&R 4 (citing Dkt. No. 10 at 8–9).) Specifically, Petitioner contends that the Seventh Circuit in *Howard* and *Sprenger* narrowed its interpretation of § 2251(a) such that "an image or video showing an adult, but not a minor, engaged in sexually explicit conduct, cannot be used as a basis for a production charge under § 2251." (Dkt. No. 10 at 9). Based on

---

[1] The docket entry for the Information in *Wentzel* classifies it as a "Superseding Information," (*See* Superseding Information, U.S. v. Wentzel, No. 12-CR-116 (E.D. Wis. Dec. 21, 2012), Dkt. No. 28), but because that characterization is the subject of dispute, (*see* Pet. Obj. 1–2), the Court does not refer to it as such in this Opinion.

this assumption, Petitioner asserts that he is innocent under *Howard* and *Sprenger* because "[t]he only thing described in the factual basis for this [P]etitioner's count [sic] is that of a single photo, not a video, of a fully clothed, sleeping girl asleep at night . . . on the small top bunk of the second bedroom . . . in petitioner's camper in which petitioner's hand made momentary contact with the minor female's pubic area (or lower abdomen)," which he contends was not "lascivious." (*Id*. at 9-10).

On July 26, 2022, the Court referred the Petition to Magistrate Judge Judith C. McCarthy. (Dkt. No. 12.)  On October 20, 2022, Judge McCarthy stayed the case pending the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023).  (*See* Dkt.)  On September 19, 2023, the stay was lifted.  (*See* Dkt. No. 31.)

In a Report and Recommendation ("R&R") dated December 21, 2023, Judge McCarthy recommended that the Petition be denied in its entirety, (*See* R&R 2), because the court concluded that *Jones* foreclosed Petitioner's ability to challenge his conviction under 28 U.S.C. § 2241.  (*See* R&R 7–8.)  Petitioner filed Objections to the R&R on January 10, 2024.  (*See* Pet. Obj.)

## II. Discussion

"The Court reviews 'de novo any part of the magistrate judge's disposition that has been properly objected to.'"  *Foukas v. Foukas*, No. 20-CV-5516, 2024 WL 4315026, at *1 (E.D.N.Y. Sept. 27, 2024) (citing Fed. R. Civ. P. 72(b)(3)).  "*Pro se* objections are generally given leniency and construed to raise the strongest arguments they suggest," *id*. at *2, however, "'even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.'"  *Minto v. Molloy Coll*., No. 16-CV-276, 2021

3

WL 804386, at *2 (E.D.N.Y. Mar. 3, 2021) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816 (S.D.N.Y. July 21, 2008)); *see also New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review."). "The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *Cabrera v. Lee*, No. 10-CV-8304, 2013 WL 5988950, at *1 (S.D.N.Y. Nov. 8, 2013).

      Here, Petitioner raises three objections to Judge McCarthy's R&R. (*See* Pet. Obj. 1–3.) Petitioner objects that the R&R contains a factual error regarding the number of months that passed between his initial guilty plea and to the guilty plea to the superseding indictment. (*See* Pet. Obj. 1.) Second, Petitioner objects to the R&R's description of the December 21, 2012 Information as a "Superseding Information." (*See id*. 2.) Third and finally, Petitioner disputes the R&R's characterization of his petition as "conced[ing]" that he "placed his hand on the subject minor's [] genetalia while she was sleeping." (*See id*. 3.) In conclusion, Petitioner argues that these factual errors "require correction" and further that they "call into question" the magistrate's "interpretation of the facts in the *Jones* decision." (*See id*. 3.)

      While Petitioner's objections are "specific" in the sense that they clearly state the portions of the R&R to which they are directed, they "bear no relevance to the substance of the R&R and therefore, do not render the R&R subject to *de novo* review." *Minto v. Molloy Coll*., No. 16-CV-276, 2021 WL 804386, at *4 (E.D.N.Y. Mar. 3, 2021). The R&R granted Respondent's Motion to Dismiss on the ground that after *Jones*, 28 U.S.C. § 2241 could not permit a petitioner who had previously filed a habeas petition under 28 U.S.C. § 2255 to seek

relief because of an intervening change in statutory interpretation, which is exactly what Petitioner has done here. (*See* R&R 7–8.) The number of months between Petitioner's successive guilty pleas, whether the December 2012 information was a "superseding information" or not, and whether he conceded that he "placed his hand on the subject minor's [] genetalia while she was sleeping" are not facts that were remotely related to the R&R's ultimate recommendation. Instead, the relevant facts were (1) whether Petitioner had previously raised a collateral challenge to his conviction pursuant to 28 U.S.C. § 2255, and (2) whether the instant challenge sought relief because of an intervening change in statutory interpretation. (*See id*.) Because Petitioner does not challenge the accuracy of the facts relevant to the R&R, let alone Judge McCarthy's straightforward analysis of the substantive legal issues, his objections render the R&R subject to the clearly erroneous standard of review. *See Minto*, 2021 WL 804386, at *4 (reviewing an R&R for clear error because the objections "bear no relevance to the substance of the R&R"); *Farsura v. QC Terme US Corp.*, No. 21-CV-9030, 2023 WL 4348388, at *2 (S.D.N.Y. July 5, 2023) (reviewing an objection for clear error because it was not aimed at "particular findings in the R&R"). Applying that standard here, the Court concludes that Judge McCarthy's thoughtful R&R easily passes that test.

      Even if the Court were to subject the R&R to de novo review, the Court would nonetheless adopt the R&R's conclusions. In *Jones*, the Supreme Court held that Section 2241 could not permit a petitioner to seek relief based on a "newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial," where that petition would otherwise be barred under 28 U.S.C. § 2255's prohibition on "second or successive" petitions on collateral attacks to a conviction. 559 U.S. at 447. Petitioner filed a habeas petition in the Eastern District of Wisconsin on October 17, 2014, pursuant to 28 U.S.C. §

5

2255. (*See* R&R 2.) Petitioner here attempts to collaterally challenge his conviction "on the grounds that the Seventh Circuit's interpretation of 18 U.S.C. § 2251(a) changed in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), and *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021), making his guilty plea invalid." (*See* R&R 4 (citing Dkt. No. 10 at 8–9).) Such a challenge could not proceed under 28 U.S.C. § 2255, because it is a "second or successive motion" that does not relate to (i) newly discovered evidence or (ii) a new rule of constitutional law, but instead relates only to a change in statutory construction of the governing criminal statute. *See id*. § 2255(h). After *Jones*, such a petition cannot be "saved" under 28 U.S.C. § 2241. *See Jones*, 599 U.S. at 477. Therefore, as Judge McCarthy correctly concluded, Petitioner's collateral challenge in this Petition is barred as a matter of law.

### III.  Conclusion

For the foregoing reasons, the Court adopts the R&R's conclusions and denies Petitioner's objections. The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and to close this case.

SO ORDERED.

DATED:     March 31, 2025
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE